[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: May 24, 1996 CT Page 266 Date of Application: May 30, 1996 Date Application Filed: May 30, 1996 Date of Decision: October 28, 1997
Application for Review of Sentence imposed by the Superior Court, Judicial District of Litchfield, Docket Number CR95-87622.
Richard Wallace, Esq., Defense Counsel, for Petitioner.
Frank S. Maco, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
Petitioner was convicted by plea of injury or risk of injury to a minor, a violation of Connecticut General Statutes §53-21, an unclassified felony carrying a maximum penalty of ten years incarceration and cruelty to persons a violation of §53-20, a misdemeanor carrying a one year maximum period of incarceration.
The court sentenced the petitioner to a net effective sentence of eight years incarceration execution suspended after four years to be followed by a five year period of probation.
Counsel for petitioner related that the petitioner is a 35-year-old married man with no prior criminal record. Counsel reviewed for the Division the nature of the offenses wherein he claimed that for a period of two years the petitioner had sexual contact with his minor stepdaughter and demonstrated acts of violence towards petitioner's stepsons. Counsel for petitioner claimed the acts towards the sons were exaggerated and amounted to nothing more than horseplay. Counsel relates, in mitigation, that there is no indication that petitioner's inappropriate actions resulted in any long term effects on the female child.
Counsel for petitioner stressed the good character of the petitioner wherein he claims petitioner was a productive member of society and supported his wife and three children; that CT Page 267 petitioner spent four years in the army as a combat engineer with commendations; that petitioner was an active member of the local volunteer fire department; that petitioner is a soft-spoken, thoughtful, polite, caring person; a good person who did a bad thing.
Counsel further indicated that the public would be adequately protected in the event the petitioner were sentenced to a structured program of therapy and supported this position by indicating that the Alternative Incarceration Plan classified petitioner as a low risk (to repeat transgressions). Counsel concluded by claiming the totality of the circumstances suggest the sentence imposed was inappropriate. Counsel requested a reduced sentence to two years incarceration.
The petitioner addressed the Division and related his genuine remorse for his actions, took full responsibility for those actions and proclaimed that he is more than willing to partake of any self help classes.
The state's attorney countered by indicating that the state had recommended a net sentence of ten years execution suspended after four years to be followed by a period of probation. The state's attorney emphasized that the female child was subjected to inappropriate sexual contact from three to five years and threats were directed at the child to keep her from disclosing petitioner's conduct and that the PSI refers to the trauma inflicted on all three stepchildren.
The state's attorney asserts that the nature of the crime and the harm inflicted on these children combined with the petitioner's inability at the time of sentencing, to take responsibility for his acts, support an increase in the period of incarceration.
At sentencing, the petitioner explained how he, the petitioner, "touched" the private parts of the female minor child in the context of providing her with sex education. The court found this explanation not credible.
The court commented on the manner in which the petitioner turned the family home into a place of fear, of danger, even terror for these children.
The court imposed a net effective sentence of eight years CT Page 268 execution suspended after four years and five years probation.
In light of the continued abuse of the children over an extended period, especially the sexual abuse of the female child, combined with the petitioner's denial of abuse up to and including at the time of sentencing, the sentence imposed is not inappropriate.
Pursuant to Connecticut Practice Book Section 942, the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 942 and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 942.
The sentence imposed was neither inappropriate or disproportionate.
This sentence is AFFIRMED.
Klaczak, J.
Miano, J.
O'Keefe, J.
Klaczak, J., Miano, J., and O'Keefe, J. participated in this decision.